pKNOLL, Justice
(dissenting).
I dissent from the majority’s decision to exercise this court’s supervisory jurisdiction to review an interlocutory ruling of the district court on a motion in limine. As Justice Kimball observed in her dissenting opinion in Lenara v. Dilley, 01-1522 (La.1/15/02), 805 So.2d 175, it is poor policy for this court to grant certiorari in cases where the decision appealed is one granting a motion in limine, a motion which is not provided for by our Codes, but has come into being by trial practice. Reviewing decisions stemming from motions in limine is an inefficient allocation of this court’s already strained judicial time and resources because decisions relating to such motions are generally made prior to trial, are interlocutory rulings that can be changed by the trial court during the course of trial, and often reach this court without a developed record upon which to review the trial court’s decision.
An essential task for the highest court in a multi-level appellate system is the proper apportionment of its limited time and energy among cases that are eligible for its consideration. The question involved in considering a petition for review is not whether a case is meritorious, or even whether it arguably might have been decided the other way, but whether it is more important for decision than other cases competing for the attention of the court. Boudreaux v. State, 01-1329 at p. 3, n. 6 (La.2/26/02), 815 So.2d 7, 9 (quoting the ABA Standards Relating to Appellate Courts § 3.10,16-18 (1976)).
| ¡Applying these standards to the case sub judice, I cannot say this matter is of such importance to the jurisprudence of this state to justify the extraordinary exercise of our supervisory jurisdiction. Relator’s proper remedy is by appeal.
Accordingly, I respectfully dissent from the majority’s opinion, and would have denied the writ application.